**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY IKEI, | No. 10-15405 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00395-DAE-BMK |
| v. | |
| THE CITY AND COUNTY OF HONOLULU; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted June 15, 2011[**]
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

Larry Ikei appeals the district court's grant of summary judgment in favor of

the Honolulu police defendants in this § 1983 action. The district court concluded

that the officers were entitled to qualified immunity because Ikei failed to raise a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

genuine issue of material fact as to whether probable cause supported Ikei's arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ikei cannot avoid summary judgment because he has failed to present "*affirmative evidence* from which a jury could find in his favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). The defendants' evidence established that Ikei moved toward a store clerk while pointing his finger and yelling. This behavior constituted probable cause to arrest Ikei on suspicion of harassment in violation of Hawaii Revised Statutes § 711-1106(1)(b), which criminalizes "[i]nsults, taunts, or challenges [to] another person . . . that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient."

"[O]ther than statements in the appellate brief, [Ikei] has never offered any evidence to support [his] factual assertions" denying that he engaged in such conduct. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). That he does not remember speaking with the clerk inside of the store does not contradict the defendants' version of events. *See Stefanchik*, 559 F.3d at 929 ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."). Ikei erroneously relies on *SEC v. Phan*, 500 F.3d 895 (9th Cir. 2007), and *United States v. 1 Parcel of Real*

*Property, Lot 4, Block 5 of Eaton Acres*, 904 F.2d 487 (9th Cir. 1990). The district court did not grant summary judgment to the defendants based on the conclusion that Ikei's affidavit was self-serving. Rather, the district court correctly concluded that, unlike the appellants in *Phan* and *1 Parcel*, Ikei failed to affirmatively contradict the evidence as to probable cause offered by the defendants. *Cf. Phan*, 500 F.3d at 910; *1 Parcel*, 904 F.2d at 492 n.3.

Therefore, Ikei failed to create a genuine dispute of material fact as to whether the officers had "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense ha[d] been or [wa]s being committed by the person being arrested." *Rodis v. City, County of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). Accordingly, the district court properly determined that the officers are entitled to qualified immunity because their conduct did "not violate clearly established [Fourth Amendment] rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Nor did the district court err by dismissing Ikei's § 1983 claim based on an alleged First Amendment violation. Ikei claimed that the defendants violated his

First Amendment rights by arresting him without probable cause in retaliation for his threatening to file a complaint. The district court correctly held that this claim fails because Ikei did not present a genuine issue of material fact questioning the basis for the officers' probable cause to arrest.

The district court also properly granted summary judgment on Ikei's Fourteenth Amendment claim, as the Fourteenth Amendment does not govern "the constitutionality of the *duration* of or *legal justification* for a prolonged warrantless, post-arrest, pre-arraignment custody." *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996); *cf Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir. 1991) (noting the applicability of the Fourteenth Amendment Due Process Clause in the separate context of the rights of pretrial detainees).

**AFFIRMED**.